UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SIMPSON and BRYANT WILLIAMS, | ) ) ) | No. 23-cv-16190 |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY DEMANDED |
| NESTLE USA, INC., | ) ) ) | |
| Defendant. | ) | |

# COMPLAINT

Plaintiffs, JASON SIMPSON and BRYANT WILLIAMS, by counsel, Moor Law Office, P.C., complaining of NESTLE USA., INC., states as follows for their Complaint at Law:

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination based on race and retaliation, brought pursuant 42 U.S.C. §1981, as amended ("Section 1981"). The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by federal law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

**Jurisdiction and Venue**

2. Jurisdiction over this case is conferred on the Court by 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1988.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiffs resides in the District and the unlawful employment practices alleged herein were committed in the District.

### Parties

4. Plaintiff Jason Simpson ("Simpson") currently resides in the City of Chicago. Plaintiff Simpson is an adult African American male. He was at all relevant times an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e)(f), having been employed by Defendant between July 20, 2019 to March 7, 2023.

5. Plaintiff Bryant Williams ("Williams") currently resides in DeKalb, Illinois. Plaintiff Williams an adult African American male. He was at all relevant times was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000(e)(f), having been employed by Defendant between June 24, 2013 to March 7, 2023.

6. Defendant Nestle USA, Inc. is a corporation authorized to do business in Illinois, and which does business in this District. It is an "employer" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b) because at all relevant times it engaged in activities affecting commerce and employed over 15 people.

### General Allegations

7. Nestle USA, Inc. owns and runs a distribution warehouse in De Kalb, Illinois.

8. Plaintiff Williams was first employed at Nestle in 2013 as an order picker, a position that required picking material from around the warehouse to fill an order. Plaintiff Simpson was first employed at Nestle as an order picker in 2019.

9. In May 2021 Plaintiff Simpson was transferred to the dock to load and unload semitrailer, and in July 2021 Plaintiff Williams was transferred to the dock.

10. In November or December of 2021 Plaintiff Williams complained to his supervisor about the unfair distribution of heavier work on the dock to African American employees.

11. Specifically, in September 2021 supervisor Taylor Vardaman, white, and "work floor coordinators" Shaun Mishler, and Eric King, began assigning "slip sheet orders" and "white pallets" to African American dock workers on the third shift and assigning easier work ("chep pallets") to white workers. Chep pallets were easier to unload and load from a truck and only required the forklift operator to use the forklift prongs to move the pallet. "Slip sheet orders" or "whitewood pallets" required more handling and the contents of the load had to be placed onto a "chep pallet" before the material could be loaded or unloaded.

12. Defendant also assigned white workers the outbound trailers on the third shift and assigned African American workers the inbounds, which required more work than the outbound trailers.

13. Also during this time Defendant began holding "whitewood trailers," that is trailers with pallets that had to be reworked before the material could be received by Nestle, to the side and assigning them the African American workers on the third shift, leaving easier trailers for the white workers. When Plaintiffs Williams and Simpson complained to Taylor Vardman about this inequitable distribution of work, Vardman started calling the whitewood trailer he had put to the side "live" trailers which meant that they were a priority, and assigned African American workers to unload them, The trailers were not "live," as that term normally means that a driver is waiting while the trailer is unloaded.

14. When Plaintiff Williams complained to Vardman in September 2021, Vardman told Plaintiff Williams that the unequitable distribution of work was "for the Brotherhood" and told Williams to mind his own business.

15. In February 2023 Plaintiff Simpson approached H.R. to complain about the ongoing inequitable distribution of work between whites and African Americans, they called him

3

to a meeting with H.R. and the operations manager, Jordan Williams, where he was promised that they would "take care" of the issues.

16. On February 16, 2023 Plaintiffs Williams and Simpson saw Nestle "work coordinators" assigning "slip sheet inbounds" to African American workers, assignments which they forced by falsely calling those trailers "live trailers" that needed immediate attention while assigning "chep pallet" inbound trailers to white workers. Plaintiffs Simpson and Williams complained to supervisor Taylor Vardman that heavier work was being assigned to African Americans.

17. On February 20, 2023 operations manager Jordan Williams and supervisor Kevin Cook attended Plaintiffs' prework meeting and announced that the assignment of work between races "was not done with malicious intent."

18. On March 1, 2023, Plaintiffs Simpson and Williams again raised their concern about the inequitable distribution of work and both were suspended.

19. On March 7, 2023, both Plaintiff Simpson and Williams were fired.

### COUNT I – § 1981 Race Discrimination

20. Plaintiff adopts paragraphs 1 – 19 above as paragraph 20 of Count I, as if fully set forth herein.

21. Defendant violated § 1981 by assigning heavier work to African Americans.

22. Defendant violated § 1981 when it failed to discipline white supervisors who assigned work on a discriminatory basis to African Americans.

23. Defendant violated § 1981 by discharging the Plaintiffs because they were black and because they had complained about the disparate treatment that African Americans had endured at Nestle USA, Inc.

4

24. Defendant is strictly liable for the racial harassment committed by Taylor Vardman and other supervisors, and its conduct in terminating Plaintiff was unreasonable, or alternatively, was willful and wanton or intentional.

25. As a proximate result of Defendant's illegal indifference to their federally protected rights, Plaintiffs have suffered anxiety, emotional distress, physical illness, damage to their reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiffs, JASON SIMPSON and BRYANT WILLIAMS, by counsel, respectfully prays that this Court provide the following legal remedies:

a. Award Plaintiffs reinstatement, lost wages, including back pay, front pay, and lost fringe benefits, including, without limitation, any lost benefits with applicable prejudgment and statutory interest;

b. Enjoin Defendant from discriminating against black workers;

c. Award Plaintiffs the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

d. Award compensatory damages;

e. Award punitive damages; and

f. Award any other relief that this Court deems just.

Plaintiffs demand trial by jury.

## COUNT II - Retaliation

26. Plaintiff adopts paragraphs 1 – 25 above as paragraph 26 of Count II, as if fully set forth herein.

27. Nestle USA, Inc. violated 42 U.S.C. § 1981 by retaliating against Plaintiffs for complaining to management about racial discrimination and inflicted materially adverse actions upon them by terminating their employment.

46. Plaintiffs' complaints to their employer of the above-described racial discrimination was a protected activity.

47. Nestle USA, Inc. violated 42 U.S.C. § 1981 by discharging the Plaintiffs for complaining about racial discrimination.

48. A substantial factor in the Plaintiffs' termination was their complaining about racial discrimination.

49. As a proximate result of Nestle USA, Inc.'s illegal retaliation, Plaintiffs have suffered anxiety, emotional distress, physical illness, damage to their reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiffs, JASON SIMPSON and BRYANT WILLIAMS, by counsel, respectfully prays that this Court provide the following legal remedies:

    a. Award Plaintiffs reinstatement, lost wages, including back pay, front pay, and lost fringe benefits, including, without limitation, any lost benefits with applicable prejudgment and statutory interest;

    b. Enjoin Defendant from discriminating against black workers;

    c. Award Plaintiffs the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

    d. Award compensatory damages;

    e. Award punitive damages; and

    f. Award any other relief that this Court deems just.

    Plaintiffs demand trial by jury.

                                                  /s/ Edward R. Moor_____
                                                  Attorney for Plaintiffs

Edward R. Moor, ARDC# 6205169
Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net
***Attorney for Plaintiffs***